**PALACE QUALITY INC., a Michigan corporation, Plaintiff,**

v.

**Morey SELDIN and Morey Seldin Machinery Corp., an Indiana corporation, Defendants.**

Civ. A. No. 20743.

United States District Court
E. D. Michigan, S. D.

Jan. 3, 1961.

W. Gerald Warren, of Dickinson, Wright, McKean & Cudlip, Detroit, Mich., for plaintiff.

Paul Barnard of Fansler, Fauvre, Dongus & Barnard, Indianapolis, Ind., for defendants.

FEIKENS, District Judge.

For decision is the question raised by plaintiff in applying for a preliminary injunction against defendants under rule 65(b) Federal Rules of Civil Procedure, 28 U.S.C.A. Heretofore this Court on application of plaintiff entered a temporary restraining order against defendants which has expired. Prior to its expiration time, defendants agreed that they would treat the temporary restraining order as being in full force pending an opportunity for the taking of testimony on plaintiff's application for a preliminary injunction and this Court's ruling thereon.

Extensive testimony has been taken and this Court in conformity with the provisions of Rule 52, Federal Rules of Civil Procedure, herewith makes its findings.

Plaintiff and defendant Morey Seldin Machinery Corp. entered into written agreement dated July 1, 1958, which incorporates by reference letters between the parties (defendant corp. letter to plaintiff dated May 28, 1958, and plaintiff's letter to defendant corp. dated June 6, 1958) providing for the exclusive use by plaintiff of defendants' machines and patented Adjust-a-drape process upon a schedule of purchase and delivery of said machines for a variable

period of years in the geographical area termed "metropolitan Detroit." The Court found this term to be ambiguous and admitted parol evidence to determine intent of the parties, Buhl v. Kavanagh, 6 Cir., 118 F.2d 315.

Extensive testimony and exhibits were offered and the respective contentions were ably briefed and argued.

It appears that defendant corp. seeks to sell and install a machine(s) and the patented "Adjust-a-drape" process to a competitor of plaintiff in Birmingham, Michigan. Plaintiff claims that Birmingham is within the term metropolitan Detroit and that defendants should be prevented from so doing. Defendant denies that Birmingham is within the term but concedes "that if metropolitan Detroit is held to include Birmingham, that plaintiff is entitled to keep the machine out of Birmingham even though plaintiff sustains five cents' worth of damage per year." (Statement of Paul Barnard, Esq.)

For the purpose of plaintiff's present application, the sole question is whether Birmingham is included within the geographical area termed metropolitan Detroit in the agreement referred to.

The Court finds that the parties intended the term metropolitan Detroit to include more area than the corporate limits of the City of Detroit. While both parties produced many exhibits (mostly maps) as bearing on the question, these documents were gathered after the controversy began and while they are enlightening to the Court and helpful in ultimate determination, it is interesting that plaintiff's Exhibit 6—a map of its trading area—and defendant corp's. Exhibit C—a book of maps containing geographical areas of exclusive license in various states—were the only maps used by the parties before controversy began. It is important to note also that neither party showed its map to the other party during negotiation of the agreement.

The Court finds that the agreement was prompted by a merger of two companies which formed plaintiff company. Defendant corp. admits this and said that plaintiff informed Morey Seldin "that they anticipated a total of about 80 trucks."

The Court finds that because of the merger the parties intended a large purchase and sale of machines over a period of years and have been in the process of carrying out that arrangement.

The Court finds that plaintiff has done business within the City of Birmingham since 1926 and that it maintained at least seven trade routes in that city at the time the agreement was negotiated.

The Court finds a deep inconsistency in Mr. Seldin's testimony as it relates to Exhibit C. Mr. Seldin testified that he regarded p. 23 of that Exhibit as to the blocked-out area (Detroit) as being the same area as depicted in larger scope on page 68.

Yet, an examination of those two pages shows that page 23 relates only to the boundary lines loosely drawn of the City of Detroit. U. S. 24 and U. S. 16 where they meet form the N. W. boundary of the blocked-out portion and there are other bases confirming this conclusion.

The greater weight of the testimony leads to the irresistible conclusion that the parties intended protection for the area in which plaintiff did business in May, June and July, 1958. I do not believe that the parties intended that the area of exclusiveness should terminate just a bit north of the Ten Mile Road as Mr. Seldin contends per page 68 of Exhibit C.

Since, however, the matter for decision concerns an application for a preliminary injunction and not for final determination, the Court will restrict its opinion to the factual question raised regarding Birmingham and the damage threatened there to plaintiff:

The Court finds that the City of Birmingham is within the trading area of plaintiff and within the area of protection intended by the parties and consequently is within the geographical area termed metropolitan Detroit in the agreement. In reaching this conclusion the Court has considered the rules of inter-

pretation set forth in Williston Contracts, Vol. III, p. 1777 ff. and McCormick on Evidence, pps. 442–449.

With the aid of parol evidence and for the purpose of the present motion, the Court finds that the agreement is not meaningless and is not an undue restraint on trade. Since the testimony shows that the nature of exclusiveness in defendant's agreements is also for the benefit of defendant and is accordingly its motivating force, cases cited by defendant on restraint of trade have been considered but found not to be applicable to present decision.

Since the testimony produced does not relate Morey Seldin individually to the acts complained of by plaintiff, a preliminary injunction will be limited to the corporate defendant only.

An order conforming to this opinion may be submitted.